IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| NEC CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 22-987-CJB |
| | ) | |
| PELOTON INTERACTIVE INC., | ) | |
| | ) | |
| Defendant. | ) | |

**PELOTON INTERACTIVE INC.'S MOTION TO COMPEL
DIRECTED TO MICROSOFT CORPORATION**

Karen E. Keller (No. 4489)
Nathan R. Hoeschen (No. 6232)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
kkeller@shawkeller.com
nhoeschen@shawkeller.com
*Attorneys for Defendant Peloton Interactive Inc.*

Dated: October 30, 2025

Dear Judge Burke:

Peloton moves to compel Microsoft to produce documents responsive to Peloton's subpoena relating to certain prior art products, including documents and source code responsive to Peloton's Requests 1-8 for IIS Media Services Versions 2 and 3, and for Smooth Streaming Version 7, within 30 days. This discovery is especially critical because, due to IPR estoppel, Peloton may only rely on system prior art to invalidate the '101 Patent. Despite having agreed to produce these materials, Microsoft now argues that the close of fact discovery excuses production.

On July 31, 2025 – more than two months before the close of fact discovery – Peloton served non-party Microsoft with subpoenas seeking documents and testimony on certain prior art products. (Exs. 1-4).  Peloton offered to meet and confer in advance of the compliance date to ease any burden on Microsoft, (Ex. 7 at 1), but Microsoft declined. Microsoft subsequently responded with a blanket refusal based on boilerplate objections. Ex. 5. Peloton and Microsoft then met and conferred to identify a narrowed set of requests. On September 15, Microsoft agreed to search for this narrowed set, specifically for IIS Media Services Versions 2 and 3, and Smooth Streaming Version 7. Ex. 6 at 8. In subsequent correspondence Microsoft stated that it was conducting its search, and represented that it had found "what we believe may be code for Smooth Streaming," but that personnel needed to extract the code were out of the office. *Id*. Fact discovery closed on October 3, 2025. (D.I. 220). On October 16, Microsoft notified Peloton for the first time that it had ceased searching. (Ex. 6 at 1). Microsoft now takes the position that, due to its own delays, it no longer needs to comply with those subpoenas.

Microsoft cannot avoid its obligations under Rule 45 on the basis of a fact discovery deadline. *Lee v. Golf Transp., Inc.*, 2023 WL 3328106, at *4 (M.D. Pa. May 9, 2023) ("subpoenas to third parties are not automatically subject to discovery deadlines"). Rule 45 has no provision for an objection on these grounds.  Moreover, Microsoft forfeited any such objection by failing to raise it in its initial response. *See In re Ex parte in re Sevier*, 2022 WL 3923679, at *2 (D. Del. Aug. 31, 2022).  But to the extent some leave is required to complete this discovery, Peloton requests it.

Microsoft also cannot rely on its own delays to go back on its earlier agreement.  Microsoft's agreement to search for these documents, (Ex. 6 at 8) implicitly extended to producing the non-privileged results of that search. *See Nielsen Co. (US), LLC v. TVision Insights, Inc.*, C.A. No. 22-057, D.I. 177 (D. Del. Mar. 8, 2024) ("Litigating parties, represented by able patent counsel, are expected to uphold the agreements they make during a case, and the Court should ordinarily (absent extreme circumstances . . . ) enforce such agreements.").

Good cause supports permitting this discovery.  As noted above, this system art is critical in light of the IPR estoppel for the '101 Patent.  Peloton diligently pursued this discovery for months, including a dozen emails and multiple phone calls. *See* Ex. 6; *Barry v. Stryker Corp.*, 2023 WL 3293057, at *1-2 (D. Del. May 3, 2023) (service of third-party subpoena six weeks before fact discovery cutoff was diligent, and warranted extending third-party discovery deadline). Microsoft should have produced the relevant discovery before the deadline, as agreed.  Peloton brings this motion now only because Microsoft only recently reneged on its agreement.

1

Respectfully submitted,

*/s/ Nathan R. Hoeschen*

Nathan R. Hoeschen (No. 6232)

**CERTIFICATE OF SERVICE**

I hereby certify that on October 30, 2025, this document was served on the persons listed

below in the manner indicated:

**BY EMAIL**

Kenneth L. Dorsney
Cortlan S. Hitch
MORRIS JAMES LLP
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801
(302) 888-6988
kdorsney@morrisjames.com
chitch@morrisjames.com

Lance J. Goodman
BAKER BOTTS L.L.P.
401 South 1st Street, Suite 1300
Austin, TX 78704
(512) 322-2500
lance.goodman@bakerbotts.com

Benjamin J. Byer
DAVIS WRIGHT TREMAINE LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
(206) 622-3150
benbyer@dwt.com

Robert L. Maier
Jennifer C. Tempesta
Michael E. Knierim
Nick Palmieri
Kiyotoki Natsume
BAKER BOTTS L.L.P.
30 Rockefeller Plaza
New York, NY 10112
(212) 408-2500
robert.maier@bakerbotts.com
jennifer.tempesta@bakerbotts.com
michael.knierim@bakerbotts.com
nick.palmieri@bakerbotts.com
thomas.natsume@bakerbotts.com

Khadija Syed
DAVIS WRIGHT TREMAINE LLP
50 California Street, Suite 2300
San Francisco, CA 94111
(415) 276-6500
khadijasyed@dwt.com

/s/ Nathan R. Hoeschen
Karen E. Keller (No. 4489)
Nathan R. Hoeschen (No. 6232)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
kkeller@shawkeller.com
nhoeschen@shawkeller.com
*Attorneys for Defendant Peloton Interactive Inc.*