# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| NEC CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | C.A. No. 22-987 (CJB) |
| PELOTON INTERACTIVE, INC., | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## <u>PLAINTIFF NEC CORPORATION'S RESPONSE IN OPPOSITION TO DEFENDANT PELOTON'S MOTION TO COMPEL THIRD PARTY DISCOVERY FROM MICROSOFT</u>

Kenneth L. Dorsney (#3726)
Cortlan S. Hitch (#6720)
MORRIS JAMES LLP
3205 Avenue North Boulevard, Suite 100
Wilmington, DE 19803
(302) 888-6800
kdorsney@morrisjames.com
chitch@morrisjames.com

*Attorneys for Plaintiff NEC Corporation*

Dated: November 6, 2025

The Honorable Christopher J. Burke
November 6, 2025
Page 1

**Morris James** LLP

Dear Judge Burke:

### I. *Peloton's Motion Seeking Discovery of Microsoft is Improper Under FRCP Rule 45*

The Peloton subpoenas are facially invalid under Rule 45(c), and this is the wrong district for Peloton to seek compliance.[1] Peloton served subpoenas for deposition testimony and documents on Microsoft, both listing a place of compliance in Delaware. *See* D.I. 316-3; 316-4. Microsoft is headquartered in Redmond, Washington, within the jurisdiction of the District Court for the Western District of Washington, which is the proper place of compliance. Ex. A; *see* D.I. 316-6, 2. Thus, the Court should quash Peloton's defective subpoenas. *Hallamore Corp. v. Capco Steel Corp.*, 259 F.R.D. 76, 79 (D. Del. 2009) (finding defective subpoenas to be unenforceable); *see also* Fed. R. Civ. P. 45(d)(3)(A)(ii). Alternatively, the Court should dismiss Peloton's motion as not brought in the proper place of compliance under Rule 45(c). Finally, the subpoenas should be quashed as untimely seeking fact discovery that should have been sought in this case long ago, for the same reasons as articulated in NEC's Motion to Strike. *See* D.I. 301, 309.

### II. *Peloton's Motion and Subpoena Were Untimely*

To the extent the Court decides to hear Peloton's Motion, the Court should deny it because (1) the Motion itself was improper and untimely and (2) there is no good cause.

Peloton filed its Motion on October 17, 2025, which is two weeks after the October 3 deadline for fact discovery and one week before the opening expert reports deadline. D.I. 220. In addition, while Peloton asked Microsoft to "agree to an unopposed motion or stipulation to extend the time for Microsoft to provide its documents" (*see* D.I. 316-6, 8), Peloton never asked, nor did Peloton confer with, NEC to extend the October 3 fact discovery deadline. D.I. 220. Peloton's request for the Court to grant leave to allow for this additional discovery not only ignores the scheduling order, but prejudices NEC at least because fact discovery is closed and opening expert reports have been served. Thus, Peloton's Motion is improper and untimely and should be denied.

There is no good cause for Peloton's requested discovery out of time. Peloton's assertion that it "diligently pursued discovery for months" is unavailing. D.I. 316-5. As Microsoft explained in its letter, Peloton's subpoena was so broad that Microsoft had no idea how even to begin its search. Ex. A; *see also* D.I. 316-5, 6, 7. It was not until three weeks before fact discovery closed that Peloton finally identified products with some particularity for Microsoft to begin its search. Ex. A; *see also* D.I. 316-5, 6, 7. As detailed in NEC's Motion (D.I. 301), Peloton could have, and should have, pursued this discovery long ago, and there was no excuse for it to wait until two months before the fact close to seek highly technical and detailed fact discovery from third parties.

Peloton's allegations that this "discovery is especially critical" because of IPR estoppel, demonstrates its lack of diligence. D.I. 316. Peloton was aware of its inability to rely on printed publications to argue invalidity of the '101 Patent at least as early as March 3, 2025, when the PTAB issued its Final Written Decision. Yet, Peloton did not serve its subpoenas until July 31, 2025—nearly five months later. What's worse, Peloton filed its *Sotera* stipulation and argued to this Court that a stay should be granted because the IPR would simplify this case. Peloton is now attempting to undo that simplification by moving to compel discovery *after* the close of fact discovery, *after* the final contention dates, and *after* opening expert reports have been served.

Peloton could have subpoenaed Microsoft when it began its search for prior art over three years ago or when the IPRs were completed on March 3, 2025. It chose not to.

---

[1] *See* Exhibit A, letter from Microsoft in response to Peloton's efforts to enforce its subpoena. Microsoft shared its positions with Peloton and asked Peloton to file its letter, but Peloton declined, as shown in Exhibit B. NEC attaches it as Exhibit A here for the Court's benefit of hearing Microsoft's positions.

The Honorable Christopher J. Burke
November 6, 2025
Page 2

Morris James LLP

Respectfully,

*/s/ Kenneth L. Dorsney*
Kenneth L. Dorsney (#3726)

cc: All Counsel of Record (via electronic mail)

2

# EXHIBIT A



Suite 3300
920 Fifth Avenue
Seattle, WA  98104-1610

**Ben Byer**
206-757-8105 tel
206-757-7105 fax
benbyer@dwt.com

November 6, 2025

      Re:    *NEC Corporation v. Peloton Interactive Inc.*
              Case No. 22-987-CJB (D. Del.)

Dear Judge Burke:

I represent non-party Microsoft Corporation in its response to Peloton Interactive Inc.'s Subpoena to Microsoft in the above-referenced matter. Attached to this cover letter, please find Microsoft's opposition to Peloton's letter filed on October 30, 2025.

Regards,

Davis Wright Tremaine LLP

Ben Byer

DWT.COM

Dear Judge Burke,

Peloton's motion fails for at least three reasons.  ***First***, Peloton's subpoena's improper place of compliance renders it facially invalid and, accordingly, this Court cannot compel compliance. *See Hallamore Corp. v. Capco Steel Corp.*, 259 F.R.D. 76, 80 (D. Del. 2009).  Microsoft is a Washington corporation with its principal place of business in Redmond, Washington, and Peloton has not alleged that Microsoft's agent of process in Delaware has any control over the source code sought.  Yet the subpoena seeks production in Delaware, which is far beyond the 100-mile limit of Rule 45.  Despite making clear to Peloton that the subpoena is invalid and this Court is not the proper forum to resolve any issues with Microsoft's compliance, Microsoft still attempted to cooperate with Peloton.  *See* FRCP 45(c)(2)(A) *and* Dkt. 316 at Ex. 2, Def. 7 (Microsoft's counsel warned Peloton that this "court is not the appropriate forum in which to raise any issue with [its] alleged compliance.").

***Second***, Peloton's attempt to force compliance with the subpoena, even if it were valid, comes far too late.  The District of Delaware has held that "[t]he fact discovery deadline should be viewed as the date by which ***all*** discovery must be completed…." *In re Ivantis, Inc., et al.*, No. 23-mc-373-GBW-SRF, ¶ 19 (D. Del. Jan. 2, 2024) (emphasis added).  This Court adopted this approach in the Scheduling Order, requiring that "***[a]ll discovery*** in this case ***shall be initiated so that it will be completed on or before" October 3, 2025***.  Dkt. 36 at 5 and Dkt. 220 (emphases added).  Mere two months before this deadline, Peloton subpoenaed Microsoft seeking source code for "all content streaming products or services provided by" Microsoft before November 2009.  Dkt. 316 at Ex. 2, Def. 7.  Microsoft objected that this request was far too broad and asked Peloton to focus its subpoena to specific Microsoft products.  *See* Ex. 5 at 5.  Microsoft also made clear that "locating and pulling historic source code simply takes time," including an initial search, figur[ing] out what (if anything) [still exists], how it's archived, and its volume," which then would "dictate the time required for the computer systems to extract the code and have it transferred. . . before [the producing party] can load it and make it available for inspection." Dkt. 316, Ex. 6 at 5-6.

Yet Peloton waited until less than three weeks before discovery closed before narrowing its request to source code for "IIS Media Services" and "Smooth Streaming."  Ex. 6 at 8.  Microsoft agreed and immediately began the process of searching for and collecting the source code with the understanding that Peloton intended to seek an extension of the discovery deadline.  *Id*.  As time passed, Microsoft asked whether "the court ended up agreeing to extend discovery" and Peloton alleged that "a formal extension was not necessary."  *Id*. at 1-2.  Microsoft asked Peloton to "provide the basis for [its] understanding that [the] court has permitted fact discovery to proceed beyond the close of fact discovery."  *Id*.  Peloton never responded.  Instead, it filed this motion.  Thus, even if the subpoena had been validly issued, it would still violate the case schedule because it came too late, without sufficiently identifying what it sought, and discovery has now closed.  *See Ivantis*, at ¶ 19.

***Third***, the information Peloton seeks would only be relevant if the Court denies Plaintiff's pending motion to strike Peloton's late invalidity contentions.  Dkt. 300.  To the extent that late contention is stricken, this motion becomes moot.  For the above reasons, Microsoft respectfully requests this court deny Peloton's motion.

# EXHIBIT B

**From:** Karen Keller <kkeller@shawkeller.com>
**Sent:** Tuesday, November 4, 2025 2:32 PM
**To:** Syed, Khadija <KhadijaSyed@dwt.com>; Nate Hoeschen <nhoeschen@shawkeller.com>
**Cc:** EXT Byer, Benjamin <benbyer@dwt.com>; Eppenauer, Alex <AlexEppenauer@dwt.com>
**Subject:** Re: Activity in Case 1:22-cv-00987-CJB NEC Corporation v. Peloton Interactive, Inc. Oral Order

Khadija:

We disagree that the District of Delaware is not the appropriate venue for Peloton's discovery motion, and we note that the Court has ordered a 1 page letter response from any interested party to the extent that it opposes the requested relief by November 6.  (D.I. 313).  We cannot file Microsoft's response as it would require us to enter an appearance on behalf of Microsoft which, of course, we cannot do.

Regards,
Karen Keller

**From:** Syed, Khadija <KhadijaSyed@dwt.com>
**Date:** Monday, November 3, 2025 at 6:11 PM
**To:** Karen Keller <kkeller@shawkeller.com>, Nate Hoeschen <nhoeschen@shawkeller.com>
**Cc:** Byer, Ben <BenByer@dwt.com>, Eppenauer, Alex <AlexEppenauer@dwt.com>
**Subject:** RE: Activity in Case 1:22-cv-00987-CJB NEC Corporation v. Peloton Interactive, Inc. Oral Order

Karen and Nate,

As we have previously noted, the District of Delaware is not the appropriate venue for the issues raised in your October 30 letter to the Court.  While we do not think it would be appropriate for us to prepare, we will, nonetheless, provide a letter in response.

Please let me know whether you will agree to file it with the court, so that the court has the benefit of our position.

Thanks,
Khadija

**Khadija Syed**
**Attorney,** Davis Wright Tremaine LLP

**P** 415.276.4842  **E** khadijasyed@dwt.com
**A** 50 California Street, 23rd Floor, San Francisco, CA 94111
**DWT.COM**