IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NEC CORPORATION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 22-987-CJB |
| | ) |
| PELOTON INTERACTIVE INC., | ) |
| | ) |
| Defendant. | ) |

**PELOTON INTERACTIVE INC.'S REPLY LETTER REGARDING
MOTION TO COMPEL DIRECTED TO MICROSOFT CORPORATION**

Karen E. Keller (No. 4489)
Nathan R. Hoeschen (No. 6232)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
kkeller@shawkeller.com
nhoeschen@shawkeller.com

Dated: November 11, 2025                *Attorneys for Defendant Peloton Interactive Inc.*

Dear Judge Burke:

This Court is the only proper court for a motion to compel. Rule 45 requires a serving party to file a motion to compel in "the Court for the district where compliance is required." Fed. R. Civ. P. 45(d)(2)(b). "In determining the place of compliance, courts generally look to the face of the subpoena." *United States v. Omnicare, Inc.*, No. 5:15-MC-9 (LJA), 2015 U.S. Dist. LEXIS 104819, at *2 (M.D. Ga. Aug. 11, 2015); *Dental Res. Sys. v. Ashcraft*, No. 3:20-cv-2085-BN, 2021 U.S. Dist. LEXIS 163010, at *5 (N.D. Tex. Mar. 11, 2021). The subpoenas were properly served on Microsoft's Delaware agent and required production in Delaware. D.I. 316, Ex. 1. *Hallamore* is inapposite because it applied the old version of Rule 45 which required subpoenas to issue "from the court for the district where the production . . . is to be made." *Hallamore Corp. v. Capco Steel Corp.*, 259 F.R.D. 76, 79 (D. Del. 2009). The Court held that the subpoenas were jurisdictionally defective because they had *issued* from the incorrect court. *Id*. at 80.

Microsoft also waived any objection to the place of compliance by failing to include it in its initial objections or a timely motion. *See PHL Variable Ins. Co. v. Alan Wollman Ins. Tr.*, No. 08-53-JJF, 2010 U.S. Dist. LEXIS 71593, at *2 (D. Del. July 16, 2010). "Moreover, '[b]ecause a subpoenaed person or entity that is directed only to produce documents need not appear in person at the place of production, Rule 45's protections against compelled travel do not apply to the production of documentary materials.'" *Robert T. Houser v. Powerdot, Inc..*, No. 1:22-MC-00836, 2024 U.S. Dist. LEXIS 110333, at *10-11 (M.D. Pa. June 24, 2024) (quoting *Est. of Klieman v. Palestinian Auth.*, 293 F.R.D. 235, 240 (D.D.C. 2013)).

Peloton issued the subpoenas two months prior to the close of discovery, providing Microsoft with more than adequate time to respond.[1] The subpoenas specifically called for documents regarding four identified Microsoft products. Microsoft's belated and totally unsupported contention that it was unable to begin its search is belied by the subpoena and Microsoft's own actions. Peloton reached out to Microsoft in early August asking to meet and confer about the scope of the requests to reduce any burden. D.I. 316, Ex. 7 at 1. Microsoft ignored the request in favor of serving generalized burden objections. Once the parties met and conferred, they agreed to a reduced scope to minimize burden and speed production. Only a few weeks later – before abruptly changing course – Microsoft informed Peloton that it had located some of the responsive code and that it was working to extract it. *Id.*, Ex. 6 at 3,1. The prompt search required by Rule 45 would have led to production long ago. Instead, this Court is now burdened with an unnecessary motion because Microsoft refuses to abide by its own agreement.

NEC cites "good cause," but this is a motion to compel, not to amend. The fact discovery cut off governs when discovery is "*initiated*." D.I. 36, ¶ 7.a. It does not give a free pass to third parties to drag their feet until the deadline has passed. Applying a "diligence" standard would only serve to encourage parties to pursue broad and unnecessary third-party discovery early in the case.

Finally, NEC's motion to strike is irrelevant. Only when Microsoft produces its documents can the parties and the Court determine whether supplementation is warranted. Peloton thus requests the Court grant this motion and order Microsoft to produce the promised discovery.

---

[1] The subpoena in *Ivantis*, by contrast, was served a mere 20 days before the close of fact discovery. *In Re Ivantis*, C.A. No. 23-mc-373-GBW-SRF, at ¶ 18 (D. Del. Jan. 2, 2024).

Respectfully submitted,

*/s/ Nathan R. Hoeschen*

Nathan R. Hoeschen (No. 6232)

## CERTIFICATE OF SERVICE

I hereby certify that on November 11, 2025, this document was served on the persons listed below in the manner indicated:

**BY EMAIL**

Kenneth L. Dorsney
Cortlan S. Hitch
MORRIS JAMES LLP
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801
(302) 888-6988
kdorsney@morrisjames.com
chitch@morrisjames.com

Lance J. Goodman
BAKER BOTTS L.L.P.
401 South 1st Street, Suite 1300
Austin, TX 78704
(512) 322-2500
lance.goodman@bakerbotts.com

Benjamin J. Byer
DAVIS WRIGHT TREMAINE LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
(206) 622-3150
benbyer@dwt.com

Robert L. Maier
Jennifer C. Tempesta
Michael E. Knierim
Nick Palmieri
Kiyotoki Natsume
BAKER BOTTS L.L.P.
30 Rockefeller Plaza
New York, NY 10112
(212) 408-2500
robert.maier@bakerbotts.com
jennifer.tempesta@bakerbotts.com
michael.knierim@bakerbotts.com
nick.palmieri@bakerbotts.com
thomas.natsume@bakerbotts.com

Khadija Syed
DAVIS WRIGHT TREMAINE LLP
50 California Street, Suite 2300
San Francisco, CA 94111
(415) 276-6500
khadijasyed@dwt.com

/s/ Nathan R. Hoeschen
Karen E. Keller (No. 4489)
Nathan R. Hoeschen (No. 6232)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
kkeller@shawkeller.com
nhoeschen@shawkeller.com
*Attorneys for Defendant Peloton Interactive Inc.*