## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| NEC CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 22-987-CJB |
| | ) | |
| PELOTON INTERACTIVE, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## [PROPOSED] VERDICT FORM

In answering the following questions and completing this Verdict Form, you are to follow all the instructions that you were given in the Court's Final Jury Instructions. Your answers to each question must be unanimous. Some of the questions contain legal terms that are defined and explained in detail in the Final Jury Instructions. You should refer to and consider the Final Jury Instructions as you answer the questions in this Verdict Form.

As used herein:

1. "NEC" refers to Plaintiff NEC Corporation

2. "Peloton" refers to Defendant Peloton Interactive, Inc.

3. The "'101 Patent" refers to U.S. Patent No. 8,752,101

**Please proceed to Question No. 1.**

**(Please note that text in bold in this Jury Verdict form provides instructions to guide you through this form.)**

1

## <u>INFRINGEMENT</u>

**<u>Direct Infringement</u>**

1.  Did NEC prove, by a preponderance of the evidence, that Peloton's accused products directly infringe any of the following claims of the '101 Patent?

[**NEC's Proposal**: ("Yes" is a finding in favor of NEC; "No" is a finding in favor of Peloton.)

| Claim | Yes (for NEC) | No (for Peloton) |
|---|---|---|
| Claim 1 | | |
| Claim 2 | | |
| Claim 4 | | |
| Claim 11 | | |
| Claim 22 | | |
| Claim 26 | | |

]¹

---

[1] **NEC's Proposal**: NEC objects to Peloton's proposed charts to the extent that they have separate rows inquiring about each video player. Separate jury findings on infringement for each accused video player risks jury confusion and inconsistent findings. NEC proposes that the verdict should include chart with yes and no check options for each asserted claim—without being further separated by accused product. This is consistent with the approach courts and parties in this district have historically taken. *See, e.g.*, *MHL Custom, Inc. v. Waydoo USA, Inc.*, No.: 21-091-RGA-MPT, D.I. 220 at 1-2 (D. Del. Mar. 31, 2023); *id.*, D.I. 243 at 1068:8-1069:3 (resolving a similar dispute and deciding that there should be one jury finding on infringement for all three accused products); *Deere & Co. v. AGCO Corp.*, No. 18-827-CFC, D.I. 467 at 1-2 (D. Del. Jul. 8, 2022) (providing one jury finding per asserted claim for infringement of listed "Accused Products"); *CogniPower LLC v. Fantasia Trading LLC d/b/a Anker Direct*, No. 19-2293-JLH-SRF, D.I. 474 at 1-2 (D. Del. Aug. 22, 2025) (similar).Courts routinely hold that it is not necessary for the verdict form to identify separate types of infringing components or products. *Pac. Biosciences of California, Inc. v. Oxford Nanopore Techs., Inc.*, C.A. No. 17-275-LPS-CJB, 2020 WL 4699049, at *10 (D. Del. Aug. 13, 2020) (denying the defendant's motion for a new trial "on the grounds that the verdict form conceal[ed] the jury's decision on specific products with a generic infringement determination"), *aff'd,* 996 F.3d 1342 (Fed. Cir. 2021); *id.*, D.I. 479 at 2-7 (verdict form); *SynQor, Inc. v. Artesyn Techs., Inc.*, No. 2:07-CV-497-TJW-CE, 2011 WL 3625036, at *15 (E.D. Tex. Aug. 17, 2011) (same), *aff'd,* 709 F.3d 1365 (Fed. Cir. 2013). At best, Peloton is only

[**Peloton's Proposal**: *Please check "Yes" (for NEC) or "No" (for Peloton) for each accused video player and for each claim.*

| Accused Video Player | '101 Patent Claim | | | | | |
|---|---|---|---|---|---|---|
| | Claim 1 | Claim 2 | Claim 4 | Claim 11 | Claim 22 | Claim 26 |
| **Google ExoPlayer/ Media3** | Yes ____<br>No ____ | Yes____<br>No ____ | Yes____<br>No ____ | Yes ____<br>No ____ | Yes ____<br>No ____ | Yes ____<br>No ____ |
| **Apple AVPlayer** | Yes ____<br>No ____ | Yes____<br>No ____ | Yes____<br>No ____ | Yes ____<br>No ____ | Yes ____<br>No ____ | Yes ____<br>No ____ |

][2]

**Please proceed to Question No. 2.**

---

entitled to "the ultimate legal result of each claim," *Optis Cellular Tech., LLC v. Apple Inc.*, 139 F.4th 1363, 1374 (Fed. Cir. 2025).

It is also notable that, while Peloton attempts to distinguish NEC's case citations because of purported lack of disputes in some of those cases, Peloton cites only the final verdict forms in each of the *Jackson*, *Persawvere*, *Cap-XX*, *American Axle*, and *Bio-Rad* cases, and no case law or decision requiring Peloton's proposed form in a contested scenario. By contrast, the courts in *Pac. Biosciences* and *SynQor*, cited above, squarely decided these issues and were affirmed on appeal.

NEC's proposal and objection to Peloton's proposal applies with equal force to all infringement questions herein, i.e., Questions 1-3.

[2] **Peloton's Proposal:** It is black letter law that to meet its burden of proving infringement, NEC must prove that each element of each asserted claim is practiced by each accused product. Here, NEC accuses Peloton of infringing the asserted claims through its use of certain video players on various devices. Thus, to meet its burden with respect to a given accused video player, NEC must prove that each video player practices each element of each asserted claim. NEC does not argue, nor could it, that any particular video player is representative of the other accused video players for the purposes of infringement. To the contrary, in NEC's motion for reargument of the Court's summary judgment of non-infringement of the '809 Patent, it argues that each accused video player must be separately addressed. D.I. 570 at 10.

Where separate products are accused of infringement, verdict forms routinely ask the jury to separately assess infringement for each accused product (even where they do not include individual prior art references or combinations for invalidity). *See, e.g.*, *Jackson v. Nuvasive*, C.A. No. 21-53-RGA, D.I. 535 at 2-11 (D. Del. Apr. 21, 2025); *Persawvere, Inc. v. Milwaukee Elec. Tool Corp.*, C.A. No. 21-400-GBW, D.I. 242 at 3-8 (D. Del. Dec. 8, 2023); *Cap-XX, Ltd. v. Maxwell Techs.,*

*Inc.*, C.A. No. 19-1733-JLH, D.I. 317 at 2 (D. Del. Dec. 15, 2023); *American Axle & Mfg., Inc. v. Neapco Holdings LLC*, C.A. No. 15-1168-GBW, DI 344 at 3 (D. Del. Jan. 29, 2024); *Bio-Rad Laby's, Inc. v. 10x Genomics, Inc.*, C.A. No. 15-152-RGA, D.I. 477 at 1-3 (D. Del. Aug. 22, 2025).

The cases and verdict forms cited by NEC are distinguishable from this case. For example, in *MHL Custom*, the defendant *agreed* to revise the verdict form to address all accused products together *after* the infringement evidence had been presented. *MHL Custom, Inc. v. Waydoo USA, Inc.*, No. 21-091-RGA-MPT, D.I. 243 at 1068:8-22 (D. Del. May 18, 2023). In *Deere* and *Stodge*, there was no dispute regarding whether any accused products should be separately considered on the verdict form. *See Deere & Co. v. AGCO Corp.*, No. 18-827-CFC, D.I. 456 at 693-695 (D. Del. July 1, 2022) (parties' proposed verdict form with the parties' disputes noted); *Stodge, Inc. d/b/a Postscript v. Attentive Mobile Inc.*, C.A. No. 23-087-CJB, D.I. 693 at 2-4 (D. Del. Jul. 31, 2025) (defendant Attentive's proposed verdict form without any proposal to assess infringement for each accused product). And in *CogniPower*, the separate products that defendant and intervenor proposed including on the verdict form were not products that were even accused of infringement. *CogniPower LLC v. Fantasia Trading LLC d/b/a Anker Direct*, No. 19-2293-JLH-SRF, D.I. 449 at 3-4 (D. Del. Aug. 17, 2025) (parties' positions clarifying that that the separate products were not products accused of infringement).

Accordingly, based on the specific issues and evidence in this case, Peloton objects to NEC's proposal, which ignores that NEC must present separate evidence regarding alleged infringement for each player, which do not all operate in the same way as to certain limitations. NEC's proposal would thus not permit the jury to make separate infringement findings as to individual players.

**Induced Infringement**

2.      Did NEC prove, by a preponderance of the evidence, that Peloton actively induced a Peloton customer (or customers) to directly infringe any of the following claims of the '101 Patent through use of any of the [**NEC's Proposal**: accused products] [**Peloton's Proposal**: following accused video players]?

[**NEC's Proposal**: ("Yes" is a finding in favor of NEC; "No" is a finding in favor of Peloton.)

| Claim | Yes (for NEC) | No (for Peloton) |
|---|---|---|
| Claim 1 | | |
| Claim 2 | | |
| Claim 4 | | |
| Claim 11 | | |
| Claim 22 | | |
| Claim 26 | | |

]

[**Peloton's Proposal**: *Please check "Yes" (for NEC) or "No" (for Peloton) for each accused video player and for each claim.*

| Accused Video Player | '101 Patent Claim | | | | | |
|---|---|---|---|---|---|---|
| | Claim 1 | Claim 2 | Claim 4 | Claim 11 | Claim 22 | Claim 26 |
| Google ExoPlayer/ Media3 | Yes ____ No ____ | Yes ____ No ____ | Yes ____ No ____ | Yes ____ No ____ | Yes ____ No ____ | Yes ____ No ____ |
| Apple AVPlayer | Yes ____ No ____ | Yes ____ No ____ | Yes ____ No ____ | Yes ____ No ____ | Yes ____ No ____ | Yes ____ No ____ |

]

**Please proceed to Question No. 3.**

**Contributory Infringement**

3.    Did NEC prove, by a preponderance of the evidence, that Peloton contributed to the direct infringement by a Peloton customer (or customers) of any of the following claims of the '101 Patent through use of any of the [**NEC's Proposal**: accused products] [**Peloton's Proposal:** following accused video players]?

[**NEC's Proposal**: ("Yes" is a finding in favor of NEC; "No" is a finding in favor of Peloton.)

| Claim | Yes (for NEC) | No (for Peloton) |
|---|---|---|
| Claim 1 | | |
| Claim 2 | | |
| Claim 4 | | |
| Claim 11 | | |
| Claim 22 | | |
| Claim 26 | | |

]

[**Peloton's Proposal**: *Please check "Yes" (for NEC) or "No" (for Peloton) for each accused video player and for each claim.*

| Accused Video Player | '101 Patent Claim | | | | | |
|---|---|---|---|---|---|---|
| | Claim 1 | Claim 2 | Claim 4 | Claim 11 | Claim 22 | Claim 26 |
| **Google ExoPlayer/ Media3** | Yes ____ No ____ | Yes ____ No ____ | Yes ____ No ____ | Yes ____ No ____ | Yes ____ No ____ | Yes ____ No ____ |
| **Apple AVPlayer** | Yes ____ No ____ | Yes ____ No ____ | Yes ____ No ____ | Yes ____ No ____ | Yes ____ No ____ | Yes ____ No ____ |

]

**Please proceed to Question No. 4.**

## **INVALIDITY**

### **Written Description**

4.      Did Peloton prove, by clear and convincing evidence, that any of the following claims of the '101 Patent are invalid because they lack an adequate written description in the specification of the '101 Patent?

*Please check "Yes" (for Peloton) or "No" (for NEC) for each claim.*

| Claim | Yes (for Peloton) | No (for NEC) |
|---|---|---|
| Claim 1 | | |
| Claim 2 | | |
| Claim 4 | | |
| Claim 11 | | |
| Claim 22 | | |
| Claim 26 | | |

**Please proceed to the next page.**

If you:

(A)  Answered "Yes" for any of the claims in Question Nos. 1-3 (in other words, you found any of the claims of the '101 Patent to be infringed),

AND

(B) Answered "No" for any of the _same_ claim(s) in Question No. 4 (that is, you found the same claim that is infringed to not be invalid),

THEN please proceed to the following questions (Question Nos. 5-7).

Otherwise, do not answer Question Nos. 5-7, and instead please proceed directly to the final page of the Jury Verdict and sign and date that page.

## DAMAGES

5.      What is the amount of damages NEC has proven by a preponderance of the

evidence to be reasonable to compensate NEC for Peloton's infringement?


$ _____


6.      If you wrote an amount above in Question No. 6, is the amount a one-time lump

sum payment or a running royalty through the date of trial?

*Please check "Lump Sum" (for Peloton) or "Running Royalty" (for NEC).*

| Lump Sum (for Peloton) | Running Royalty (for NEC) |
|---|---|
|  |  |


**Please proceed to Question No. 7.**

## <u>WILLFUL INFRINGEMENT</u>

7.     Did NEC prove, by a preponderance of the evidence, that Peloton's infringement was willful?

*Please check "Yes" (for NEC) or "No" (for Peloton).*

| Yes<br>(for NEC) | No<br>(for Peloton) |
|---|---|
|  |  |

**Please proceed to the final page of the Jury Verdict.**

## <u>UNANIMOUS VERDICT</u>

**Upon reaching a unanimous verdict on each question above, each juror must sign below.**

We, the jury, unanimously agree to the answers to the above questions and return the completed form under the instructions of the Court as our verdict in this case.

Date: _____

Signed:    _____
           Jury Foreperson

           _____
           Juror

           _____
           Juror

           _____
           Juror

           _____
           Juror

           _____
           Juror

           _____
           Juror

           _____
           Juror